UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:15-CV-61961-JIC

INVESCA DEVELOPMENT GROUP, INC.,

    Plaintiff,

v.

KOI GROUP, INC.,

    Defendant.
_____/

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND
THIRD PARTY COMPLAINT AGAINST CHRISTOPHER LONGSWORTH**

Defendant, Koi Group, Inc. ("Koi"), files its Answer, Affirmative Defenses and Counterclaims to the Complaint filed by Invesca Development Group, Inc., along with a third party complaint against Christopher Longsworth, and states:

**PARTIES**[1]

1.    Admitted that Invesca conducts business in this District; Invesca is a willful trademark infringer in this District and elsewhere, as set forth in more detail in the Counterclaims.

2.    To the best of Koi's knowledge, admitted.

3.    Admitted.

4.    Admitted only that Koi is a Nevada corporation.

5.    Admitted that this is Koi's mailing address.

---

[1] We incorporate Invesca's headings for ease of reference only and with no admission of any facts implied therefrom.

## JURISDICTION AND VENUE

6. Denied in full. Invesca is a willful trademark infringer that has no rights whatsoever to use **KOI**, let alone to seek cancellation of Koi's trademark registration or damages. Indeed, Invesca is liable to Koi for a myriad of damages, as set forth in detail in the Counterclaims, including attorneys' fees and costs.

7. Admitted only that the Court has subject matter jurisdiction over this dispute.

8. Admitted.

9. Admitted that Koi sent a cease and desist letter asserting its superior rights in the KOI trademark and demanding that Invesca immediately discontinue its unlawful activities, and that in response, Invesca filed this meritless, retaliatory, pre-emptive lawsuit.

10. Admitted.

11. Koi does not challenge personal jurisdiction.

12. Denied in full. As discussed in detail in the Counterclaims, Koi has superior rights to the use of its registered KOI trademark, and all formative variations, in connection with hotel services, hotels and resort hotels, and any other product or service likely to be confused with Koi, including Invesca's resort-style project.

13. Denied.

14. Koi does not challenge venue.

## GENERAL ALLEGATIONS FOR ALL CLAIMS

15. Admitted that Koi is the owner of U.S. trademark registration no. 4,392,470 (the "KOI '470 Mark").

16. Admitted only that Koi contends, as discussed below in the Counterclaims, that Invesca is a willful trademark infringer liable to Koi for a myriad of damages, including attorneys' fees and costs. Denied as to all remaining allegations.

17. Admitted only that one definition of "Koi" includes a group of fish. Denied as to all remaining allegations.

18. Admitted only that "Koi" is derived from the Japanese language.

19. Koi is without knowledge of these allegations.

20. Koi is without knowledge of these allegations.

21. Koi is without knowledge of these allegations.

22. Koi is without knowledge of these allegations.

23. Koi is without knowledge of these allegations.

24. Koi is without knowledge of these allegations.

25. Admitted.

26. Admitted.

27. Koi is without knowledge of these allegations.

28. Koi is without knowledge of these allegations.

29. Koi is without knowledge of these allegations.

30. Koi is without knowledge of these allegations.

31. Koi is without knowledge of these allegations.

32. Koi is without knowledge of these allegations.

33. Koi is without knowledge of these allegations.

34. Koi is without knowledge of these allegations.

35. Denied.

36. Denied.

37. Denied. In fact, as a result of that litigation, the defendant in that case discontinued the use of "Koi" in its name.

38. Denied.

39. Denied.

40. Koi is without knowledge of these allegations.

41. Koi is without knowledge of these allegations. However, Koi is aware that it is the only owner of a U.S. trademark registration for KOI used in connection with hotel services, hotels, and resort hotels.

42. Koi is without knowledge of these allegations.

43. Koi is without knowledge of these allegations.

44. Koi is without knowledge of these allegations.

45. Admitted only that Invesca markets, promotes and sells residences at a "resort-style" project under construction in Pompano Beach, Florida in direct violation and flaunting disregard to Koi's rights in and to its federally registered KOI trademarks, including the KOI '470 Mark.

46. Koi is without knowledge of these allegations.

47. Koi is without knowledge of these allegations.

48. Denied. In fact, this allegation is frivolous, as evidenced in part by Koi's internet website, active since at least as early as October 2012, which clearly reflects Koi's use of its KOI '470 Mark in connection with hotel services, hotels, and resort hotels. True and correct copies of selected pages from Koi's internet website are attached hereto as **Exhibit A**.

49. Admitted only that Koi is building a project in St. Kitts called "Koi Resort & Residences," and that Koi has been selling residences at that resort since at least as early as October 2012, long before Invesca first began its unlawfully infringing activities.

50. Denied.

## COUNT I
## CANCELLATION OF REG. NO. '470
(15 U.S.C. §§ 1064, 1119 and 1120)

51. Koi reasserts its responses to paragraphs 1-50 above.

52. As it appears Invesca is merely referring to the U.S. Code, no response is required to these assertions.

53. As it appears Invesca is merely referring to the U.S. Code, no response is required to these assertions.

54. Denied in full. Invesca is a willful trademark infringer liable to Koi for a myriad of damages, and has fabricated allegations and asserted this meritless suit in a desperate effort to extricate itself from its inevitable predicament.

55. Admitted only that Koi submitted a declaration in connection with applying for its KOI '470 Mark, and that Invesca has endeavored to quote from portions of what was submitted to the U.S. Trademark Office.

56. Denied.

57. Denied. In fact, Invesca's deliberate disregard for Koi's rights evinces its willful intention to infringe the KOI '470 Mark and dilute the KOI Marks, and thus Koi is entitled to recover its own attorneys' fees from Invesca under 15 U.S.C. § 1117.

58. Admitted that Koi has no intention to ever abandon any of its KOI trademark registrations.

59. Denied. Invesca is a willful trademark infringer liable to Koi for a myriad of damages, including attorneys' fees.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE
## RESTAURANT AND SAKE MARKS[2]

60.   Koi reasserts its responses to paragraphs 1-50 above.

61.   Denied.  Invesca is a willful trademark infringer liable to Koi for a myriad of damages, including attorneys' fees.

62.   Denied.

63.   Denied.

64.   Denied in full.  In addition, there is no "controversy" because Invesca's willful infringement of the KOI '470 Mark and dilution of the KOI Family of Marks is clear on its face.

65.   Denied.

66.   Denied.  Invesca is a willful trademark infringer liable to Koi for a myriad of damages, including attorneys' fees under 15 U.S.C. § 1117.

## AFFIRMATIVE DEFENSES

1.   **Trademark Infringement and Dilution**.  Invesca is a willful trademark infringer and diluter liable to Koi for a myriad of damages, and has fabricated allegations and asserted this meritless suit in a desperate effort to extricate itself from its inevitable predicament.  As such, Invesca is not entitled to any relief.

2.   **Unclean Hands**.  Invesca is a willful trademark infringer and diluter liable to Koi for a myriad of damages, and has fabricated allegations and asserted this meritless suit in a desperate effort to extricate itself from its inevitable predicament.  As such, Invesca has unclean hands and is not entitled to any relief.

---

[2] Although this Count is titled to seek a declaratory judgment only concerning Koi's restaurant-related marks, it appears from the allegations that Invesca is also seeking a declaration concerning the KOI '470 Mark, which is for hotel services, hotels, and resort hotels.

3.     **Failure to Plead Fraud with Particularity**.  Invesca has failed to plead fraud with particularity and has therefore failed to state a claim under Count I for cancellation of the KOI '470 Mark.

### Prayer for Relief

Koi denies that Invesca is entitled to any of the relief requested in its Prayer for Relief in the Complaint.

WHEREFORE, Koi requests judgment on Invesca's Complaint as follows:

(a)     That Invesca take nothing by way of the Complaint, and that the Complaint be dismissed with prejudice;

(b)     That Koi recover its costs and attorneys' fees under 15 U.S.C. § 1117; and

(c)     For such other and further relief as the Court deems appropriate.


### COUNTERCLAIMS AND THIRD PARTY COMPLAINT

Koi asserts the following Counterclaims against Invesca, as well as a Third Party Complaint against Christopher Longsworth, individually, and states:

1.     This is an action for trademark and service mark infringement and dilution, unfair competition, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. ("Lanham Act"), and the laws of the State of Florida.

2.     This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Koi's claims under state law pursuant to 28 U.S.C. § 1367.

3.     Christopher Longsworth is the president of Invesca, and the active, moving force behind, and who supervised, directed and controlled its infringing activities.  All allegations and claims directed at Invesca are collectively directed at Invesca and Mr. Longsworth.

**Koi and its Famous, Distinctive Family of Trademarks**

4. Since at least as early as 2001, Koi Group, itself and through its predecessors, has been using "Koi" in connection with world class restaurant and lounges featuring Japanese-inspired cuisine with California accents.

5. Most of Koi's domestic and international "Koi Restaurants" are prominently located in destination hotels and resorts, including the Planet Hollywood Resort & Casino in Las Vegas, the Trump Soho and the Bryant Park Hotel in New York City, and the St. Regis Saadiyat Island Resort in Abu Dhabi. Select pages from Koi's internet website, KoiRestaurant.com, featuring some of Koi's famous, high-end restaurants are attached hereto as **Exhibit B**.

6. In association with its restaurants, Koi has obtained numerous federally registered trademarks, including:

   a. **KOI RESTAURANT**, U.S. Registration No. 2,950,303 dated May 10, 2005 (restaurant services);

   b. **KOI RESTAURANT & LOUNGE**, U.S. Registration No. 2,961,393 dated June 7, 2005 (restaurant services);

   c. **KOI Design Logo**, U.S. Registration No. 2,946,808 dated May 3, 2005 (restaurant services);

   d. **KOI DAIGINJO SAKE**, U.S. Registration No. 2,970,473 dated July 19, 2005 (sake beverages).

   e. **KOI**, U.S. Registration No. 4,084,031 dated January 10, 2012 (restaurant services);

   f. **KOI**, U.S. Registration No. 4,083,496 dated January 10, 2012 (steamed rice); and

   g. **KOI CRISPY RICE**, U.S. Registration No. 4,185,097 dated August 7, 2012 (steamed rice).

These registrations are attached hereto as **Composite Exhibit C**.

7. Since its first use in commerce, Koi has been a favored "hot spot" for locals, celebrities, and tourists alike. Many celebrities have made Koi their location of choice, and have celebrated occasions that have been widely covered by the press.

8. Many articles evidencing the critical acclaim and considerable unsolicited media attention given to Koi in national and international publications may be found in the New York Times, New York Post, USA Today, the Los Angeles Times, among many others.

9. Koi has also been featured in numerous television shows, including, without limitation, the hit HBO series *ENTOURAGE*, and Koi Restaurant Los Angeles was featured as one of the cast's top destination spots.

10. Expanding on its brand recognition in the hospitality industry, in or around 2008, Koi conceived of using its KOI trademark in connection with hotels and resorts.

11. Accordingly, in April 2008, Koi registered the internet domain name KoiResort.com. See Whois Domain Name Registration, attached hereto as **Exhibit D**.

12. Subsequently, Koi conceived of a project in St. Kitts, which it named "Koi Resort & Residences," which consists of luxury oceanfront villas and suites located in a prominent residential district known as Half Moon Bay.

13. Select pages from the KoiResort.com internet website are attached hereto as Exhibit A.

14. On April 23, 2009, as part of its brand protection strategy, Koi filed an intent-to-use application with the U.S. Trademark Office for KOI in international class 043 for hotel services, hotels, and resort hotels.

15. On or about October 2012, Koi first began selling residential units at Koi Resort & Residences.

16. Koi's KOI trademark for hotel services, hotels, and resort hotels was registered with the U.S. Trademark Office on August 27, 2013, Registration No. 4,392,470 (previously referred to herein as the "KOI '470 Mark", attached hereto as **Exhibit E**).

17. Koi has continuously used its many KOI trademarks (collectively, the "KOI Family of Marks" or "KOI Marks") for restaurant and related services since at least as early as 2001, and for hotel services, hotels, and resort hotels since at least as early as October 2012.

18. The KOI Marks are inherently distinctive, especially for hotel services, hotels, and resort hotels, and serve to identify and indicate the source of Koi's products and services to the consuming public, and to distinguish Kio's products and services from others.

19. Koi has spent significant effort and millions of dollars advertising and promoting its KOI Marks and the businesses operating under those marks, throughout the United States and internationally, including in trade journals, travel and real estate publications and periodicals, network television, billboards and on the internet.

20. Through Koi's long and continuous use of its KOI Marks and its investment of time, effort and money in promoting the goods and services offered under those marks, the KOI Family of Marks has become famous and well-known as identifying Koi's restaurants, hotel services, hotels, resort hotels, and related products and services. Furthermore, through Koi's extensive use and promotion of the KOI Marks, Koi has developed valuable goodwill and strong rights in those marks.

21. In light of their fame and distinctiveness, the KOI Marks have acquired substantial and incalculable value to Koi. The strength of the KOI Marks is one of Koi's most valuable assets.

22. Unfortunately, it has also created a market for copycats and trademark infringers like Invesca, which has attempted to unlawfully profit off of the success of the KOI Marks.

**Invesca's Blatant Infringement of the KOI '470 Mark and Dilution of the KOI Marks**

23.     In or about August 2015, one of its materials and sourcing providers contacted Koi because he saw Invesca's "Koi Residences & Marina" (the "Infringing Designation") advertised in *Miami Magazine* and was confused about whether it was affiliated or associated with Koi.  This was the first time Koi had ever heard of Invesca or its Infringing Designation.

24.     Invesca is using the Infringing Designation in connection with the marketing, promotion and sale of waterfront villas and condominium homes.

25.     Invesca advertises and promotes that its project will feature "resort-style amenities," including a 25-slip marina, infinity-edge pool, relaxation deck, private cabanas, tanning lawns, wet bar, and lounge.   See pages from Invesca's internet website, KoiPompanoBeach.com, attached hereto as **Exhibit F**.

26.     Invesca's use of the Infringing Designation for its resort-style project began long after Koi registered its KOI '470 Mark for hotel services, hotels and resort hotels, and long after the KOI Marks became famous.

27.     Invesca's unauthorized use of the Infringing Designation is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties into believing that there is an affiliation, connection or association of Koi Residences & Marina with Koi, or as to the origin, sponsorship, or approval of Koi Residences & Marina by Koi.

28.     Invesca's unauthorized use of the Infringing Designation falsely indicates to the purchasing public that Invesca and its resort-style project and services originate with Koi, or are affiliated, connected or associated with Koi, or are sponsored, endorsed or approved by Koi, or are in some manner related to Koi and its trademarks, products and services.

29.     In fact, Invesca is marketing and promoting its project as a resort, and it intends explicitly to offer hotel services and amenities, both of which are expressly covered by the KOI

'470 Mark, including a spa, fitness center, infinity-edge pool, relaxation deck, marina, private cabanas, wet bar, lounge, and retail & dining. See Home page and "Amenities" listed on its website, attached hereto as Exhibit F.

30. The likelihood of confusion, mistake and deception is exacerbated by Invesca's deliberate attempt to mimic Koi Resort & Residences, including its use of a confusingly similar project name and resort-style property, incorporation of resort-style amenities, exclusive waterfront venue, and sale of similar-type units such as villas and condominium homes.

31. The likelihood of confusion, mistake and deception is also substantial because consumers associate hotel services, hotels and resort hotels with resort-style residences such that the products and services Invesca is advertising, promoting and selling under the Infringing Designation are the same as those covered by the KOI '470 Mark. Examples of this close association include Marriott's "Residence Inn" and the ubiquitous combination of hotels and resorts with on-property residences such as those at the famous Fontainebleau Hotel in Miami Beach and Baccarat Hotel and Residences in New York City, to name just a couple.

32. Invesca's unauthorized use of the Infringing Designation falsely designates the origin of its resort-style project and services, and falsely and misleadingly describes and represents facts with respect to Invesca and its resort-style project and services.

33. Invesca's unauthorized use of the Infringing Designation in the manner described above is likely to impair the distinctiveness of the famous KOI Marks.

34. Invesca's unauthorized use of the Infringing Designation enables it to trade on and receive the benefit of goodwill built up at great labor and expense over many years by Koi, and to gain acceptance for its resort-style project and services not solely on its own merits, but on the reputation and goodwill of Koi and its products and services.

35. Invesca has been and continues to be unjustly enriched at Koi's expense by its unauthorized use of the Infringing Designation.

36. Invesca's unauthorized use of the Infringing Designation in the manner described above removes from Koi the ability to control the nature and quality of products and services provided under the KOI Marks, and places the valuable reputation and goodwill of Koi in the hands of Invesca, over whom Koi has no control.

37. Invesca has a bad-faith intent to profit from its unauthorized use of the Infringing Designation.

38. Unless restrained by this Court, these acts of Invesca will continue, and they will continue to cause irreparable injury to Koi and to the public for which there is no adequate remedy at law.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT

39. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

40. The acts of Invesca complained of herein constitute infringement of the KOI '470 Mark in violation of 15 U.S.C. § 1114(1).

41. Invesca is using the Infringing Designation with full knowledge of Koi's rights, and in bad faith with a willful and deliberate intent to trade on Koi's goodwill.

42. In view of the willful nature of Invesca's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: FEDERAL DILUTION

43. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

44. The acts of Invesca complained of herein constitute dilution of Koi's famous KOI Marks by blurring, in violation of 15 U.S.C. § 1125(c), and Invesca willfully intended to trade on Koi's reputation and to cause such dilution.

## COUNT III: DILUTION UNDER FLORIDA LAW

45. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

46. The acts of Invesca complained of herein constitute dilution of Koi's famous KOI Marks, in violation of Fla. Stat. § 495.151.

## COUNT IV: FEDERAL UNFAIR COMPETITION

47. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

48. The acts of Invesca complained of herein constitute unfair competition, including false designation of origin, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT V: FLORIDA COMMON LAW UNFAIR COMPETITION

49. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

50. The acts of Invesca complained of herein constitute trademark infringement and unfair competition in violation of the common law of Florida.

## COUNT VI: UNJUST ENRICHMENT

51. Koi repeats the allegations in paragraphs 1-38 above as if fully set forth herein.

52. The acts of Invesca complained of herein constitute unjust enrichment of Invesca at Koi's expense in violation of the common law of Florida.

**Prayer for Relief**

WHEREFORE, Koi requests the following relief:

(a) Invesca, its officers, employees, agents, servants, attorneys, successors and assigns, related companies and all those persons in active concert or participation with it, and all of them, be permanently enjoined and restrained from using the Infringing Designation as all or any part of a name or mark, and from using any other name or mark that contains the term KOI or any formative variation thereof, or that is otherwise confusingly similar to the KOI Marks, or that is likely to dilute the distinctive quality thereof;

(b) Invesca be ordered to file with this Court and to serve upon Koi, within thirty (30) days after the entry and service on Invesca of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Invesca has complied with the injunction;

(c) An equitable accounting be directed to determine Invesca's profits resulting from its infringement and other activities complained of herein, and that such profits be paid over to Koi, increased as the Court finds to be just under the circumstances of this case, along with damages sustained by Koi;

(d) Koi recover its reasonable attorney fees under 15 U.S.C. § 1117 and any other applicable law;

(e) Koi recover the costs of this action, and pre- and post-judgment interest; and

(f) Koi recover such other relief as the Court may deem appropriate.


Dated this 13th day of October 2015.                Respectfully submitted,

                                                                                                                                     /s/ Matthew S. Nelles
                                                                                                                                     Matthew S. Nelles
                                                                                                                                     Florida Bar No. 009245
                                                                                                                                     E-mail: mnelles@broadandcassel.com

>                                   Christopher Horton
>                                   Florida Bar No. 91161
>                                   E-mail:  chorton@broadandcassel.com
>                                   BROAD AND CASSEL
>                                   One Financial Plaza, Suite 2700
>                                   Fort Lauderdale, Florida  33394
>                                   Telephone: (954) 764-7060
>                                   *Counsel for Koi Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel/parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

>                                   By: */s/ Matthew S. Nelles*
>                                         Matthew S. Nelles

4817-9671-5561.1
51212/0002